The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 20 2020

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No. 20-30223 |
| | ) | |
| Roderick C. Latson, | ) | Chapter 7 |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | **JUDGE JOHN P. GUSTAFSON** |

## ORDER GRANTING MOTION TO REOPEN

This matter came before the court for hearing on August 4, 2020 on Debtor Roderick C. Latson's Motion to Reopen Chapter 7 Case ("Motion") [Doc. #18] and Application to Have Chapter 7 Filing Fee Waived to Reopen Case ("Application"). [Doc. #19]. In his Motion, Debtor requested that his Chapter 7 case be reopened so that he can file a complaint to determine the dischargeability of student loans. The Application requested waiver of the Motion's filing fee. At the August 4th hearing, Debtor's counsel appeared by phone and reiterated the basis for the Motion and Application.

"Section 523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of under hardship is made." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 n.13, 130 S.Ct. 1367, 1381 n.13, 176 L.Ed.2d 158 (2010). For court determination of the dischargeability of a debt, "a complaint other than under §523(c) may be filed at any time."

1

*See*, Federal Rule of Bankruptcy Procedure 4007(b). Section 523(a)(8) is not one of the subsections listed in §523(c) as an exception to the general rule stated in Rule 4007(b). Accordingly, a complaint to determine dischargeability under §523(a)(8) may be filed "at any time." *See*, 9 Collier on Bankruptcy ¶4007.03 at 4007-5 (16th Ed. 2020)("For example, a debtor may, after the case is closed, seek a determination that a student loan obligation is dischargeable under section 523(a)(8) because repayment of the loan would constitute an undue hardship.")(footnotes omitted).

Rule 4007(b) further provides that "[a] case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule." *See also*, 9 Collier on Bankruptcy ¶4007.03 at 4007-5 (16th Ed. 2020)("Further, any filing fee which might normally be payable for the reopening of a case is to be waived when a case is reopened for the purpose of filing a dischargeability complaint.").

Here, Debtor's purpose in seeking the reopening of his Chapter 7 case, to file a complaint to determine dischargeability of student loans, is expressly provided for by Rule 4007. Additionally, Rule 4007(b) states that payment of an additional filing fee to reopen a case is not necessary. Thus, no fee for the filing of the Motion is due.

Accordingly, the court will grant Debtor's Motion and deny the Application as moot.

**IT IS THEREFORE ORDERED** that Debtor Roderick C. Latson's Motion to Reopen Chapter 7 Case [Doc. #18] be, and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that Debtor Roderick C. Latson's Application to Have Chapter 7 Filing Fee Waived to Reopen Case [Doc. #19] be, and hereby is, **DENIED AS MOOT**. No fee for the filing of the Motion is due.