## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:   Roderick C. Latson | No.   20-30223 |
| Debtor. | Chap. 7 |
| -------------------------------------------------------- | |
| Roderick C. Latson<br>357 Belmont Ave.<br>Toledo, OH 43604 | Judge Gustafson |
| Plaintiff, | |
| vs. | |
| U.S. Department of Education<br>c/o Secretary of Education<br>400 Maryland Avenue, SW<br>Washington, DC 20202 | Adv. Pro. No. |
| Debt Management & Collection System<br>Default Resolution Group<br>PO Box 5609<br>Greenville, TX 75403 | |
| Ascendium Education Solutions, Inc.<br>2501 International Lane<br>Madison, WI 53704 | |
| Navient Solutions, LLC<br>220 Lasley Ave.<br>Wilkes-Barre, PA 18706 | |
| Deutsche Bank Elt., Naviet & SLM Trust<br>11600 Sallie Mae Dr.<br>Reston, VA 20193 | |
| Defendants. | |

## PLAINTIFF'S COMPLAINT

Plaintiff Roderick C. Latson ("Latson" or "Plaintiff") files this Complaint against Defendants, The U.S. Department of Education, Debt Management & Colllection System, Ascendium Education Solutions, Inc., Navient Solutions, LLC, Deutsche Bank Elt., and Naviet & SLM Trust, named herein ("Defendants") on personal knowledge as to Plaintiff's own acts, and upon information and belief as to all other matters, as follows:

## I.
## PRELIMINARY STATEMENT

Not all loans made to students are non-dischargeable student loans, including the educational loans at issue in this action. In fact, only three types of educational debts are excepted from discharge under 11 U.S.C. § 523(a)(8): (1) federal or non-profit loans; (2) conditional educational grants; and (3) qualified education loans made by private lenders. Defendant, in full knowledge of the scope and application of section 523(a)(8), have exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. Specifically, Defendants have originated and serviced dischargeable consumer loans in order to finance a variety of educational endeavors, including but not limited to: bar exam study courses, medical residency programs, for-profit flight schools, unaccredited trade schools, secondary schools, and living expenses beyond the published "cost of attendance" at Title IV accredited schools. However, debts incurred to pay for expenses at educational institutions that are not recognized by the Department of Education under Title IV of the Higher Education Act and/or debts incurred in excess of the "Cost of Attendance" are not "qualified education loans" as that term is defined in the Higher Education Act, the Internal Revenue Code, and the

Bankruptcy Code. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a discharge injunction.

Some student loan debts are discharged as an "undue hardship." Congress did not define "undue hardship" in 1978 but instead left that determination to the courts. Over time, two tests have emerged from the cauldron of judicial lawmaking: the Brunner Test ("Brunner") and the Totality of the Circumstances Test ("TOC"). These two tests are supplemented with a practice known as "partial discharge," which the Plaintiff requests be applied in this matter.

## II.
## PARTIES

1. Roderick C. Latson is an individual residing in the Northern District of Ohio.

2. Defendants are business entities that in the ordinary course of business regularly, on behalf of themselves or others, engage in the servicing and collection of consumer student loan debts in the State of Ohio, have a principal place of business in the State of Ohio, and can be served through their registered agent.

## III.
## JURISDICTION AND VENUE

3. This Adversary Proceeding is brought under Case Number 20-30223.

4. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332. This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

5. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8) and Federal Rules of Bankruptcy Procedure Rule 7001.

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

# IV.
# STATEMENT OF FACTS

**A.** **The Distinction Between Non-Dischargeable and Dischargeable Educational Debt**

7. Private education loans have limited protection from discharge under section 523(a)(8)(B). Section 523(a)(8)(B) of the Bankruptcy Code excepts from discharge a "qualified education loan" as defined in section 221(d)(1) of the Internal Revenue Code. Section 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to pay for "qualified higher education expenses." "Qualified higher education expenses" are in turn defined in section 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Title IV eligible institution by an "eligible student." A Title IV eligible institution is one recognized by the Department of Education under Title IV of the Higher Education Act. "Cost of Attendance" is term of art found in section 472 of the Higher Education Act at 20 U.S.C. § 1087*ll* that includes tuition, fees, room, board, books, and living expenses. An "eligible student" is defined in 20 U.S.C. § 1091 and 34 CFR 668.32 as, *inter alia*, students who have not yet exceeded their annual or aggregate borrowing limits under any program authorized by Title IV of the Higher Education Act. (hereinafter referred to as "Qualified Education Loans").

8. Consumer loans made to persons to cover expenses at non-eligible institutions or to ineligible students are not Qualified Education Loans. These educational loans remain dischargeable under the Bankruptcy Code and the interest payments are not tax deductible. Such expenses include: (i) living expenses in excess of the amount determined necessary by the accredited college or university; (ii) money to pay for bar review classes for recent law school graduates; (iii) money to pay for expenses related to residency for recent medical school

graduates; (iv) money to pay for a child's K-12 education; (v) money to pay for unaccredited for-profit schools; and (vi) money lent to ineligible students. The interest on these debts is not tax deductible pursuant to 26 U.S.C. § 221(d), and they are dischargeable in bankruptcy (hereinafter referred to as "Consumer Education Loans").

9. Where confusion exists in determining whether an educational debt is a Qualified Education Loan or a Consumer Education Loan, the Bankruptcy Code places to burden on the creditor to establish by a preponderance of the evidence that the educational debt in question is excepted from discharge.[1]

**B.  Plaintiff's Background and Procedural History**

10. Between 1999 and 2016, Plaintiff attended numerous schools in pursuit of his higher education goals.

11. In the academic term of Plaintiff's Cost of Attendance was a certain amount, and Plaintiff received some federal grants, work-study, scholarships and loans.

12. Plaintiff borrowed a total of $122,151.00 from Defendants in student loans (the "Debts"), a certain amount of which was above and beyond the Cost of Attendance.

13. Accordingly, these Debts were not Qualified Education Loans.[2]

14. One school attended by Plaintiff, ITT Technical Institute, was not an accredited school, and Plaintiff received no benefit from his time attending said Defendant's institution.

**V.**
**CLAIMS FOR RELIEF**

**C.  Count One: Declaratory Judgment and Determination of Dischargeability - "Cost of Attendance"**

---

[1] *See In re Bronsdon*, 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010) ("The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents 'undue hardship.'").

[2] Where part of a debt is used to cover qualified education expenses and part is not, the debt is a mixed-use loan, and therefore, not a qualified education loan. *See* IRS, 26 C.F.R. 1, REG-116826-97 ("Student I signs a promissory note for a loan which is secured by I's personal residence. Part of the loan proceeds will be used to pay for certain improvements to I's residence and part of the loan proceeds will be used to pay qualified higher education expenses of I's spouse. Because the loan is not incurred by I solely to pay qualified higher education expenses, the loan is not a qualified education loan.").

15. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

16. Plaintiff's Debts are not Qualified Education Loans because they were originated in excess of the "Cost of Attendance."

17. Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that the Debts which are not Qualified Education Loans are to be included in the general discharge entered by this Court.

D. **Count Two: Determination of Dischargeability - "Undue Hardship"**

18. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

19. Plaintiff is entitled to discharge of his student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on him.

20. Plaintiff meets the standard for undue hardship as articulated in *Brunner/Totality of the Circumstances*, and refers to his bankruptcy petition schedules I & J to support his position of discharge.

21. Accordingly, Plaintiff prays this Court discharge his student debt in part or in total.

E. **Count Three: Determination of Dischargeability - "Not Qualified Education Loans"**

22. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

23. Plaintiff is entitled to discharge of his student loan debt, either in whole or in part, because a portion of the debts, primarily those attributable to loans taken out for attendance of ITT Technical Institute, do not qualify as Qualified Education Loans, as said ITT Technical Institute was a for-profit, unaccredited school, that Plaintiff did not receive any benefit from attending.

24. ITT Technical Institute defrauded Plaintiff, and he received no benefit from attendance.

25. Accordingly, Plaintiff prays this Court discharge his student debt in part or in total that was incurred at a for profit, unaccredited trade school.

# VI.
# PRAYER

26. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

(1) declaratory relief and determination of discharge; and,

(2) other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Edward L. Schimmel
Edward L. Schimmel 0076856
Attorney for Plaintiff / Petitioner
715 S. Coy Rd.
Oregon, OH 43616
Tel: (419) 693-0911
Fax: 1-866-353-3607
Schimmel@Northwoodlaw.net